BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN 30 1977

IN RE LUMINEX INTERNATIONAL, INC. )
PRODUCTS LIABILITY LITIGATION     )

PATRICIA HOWARD
CLERK OF THE PANEL

DOCKET NO. 287.

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III*, STANLEY A. WEIGEL, AND ANDREW A. CAFFREY, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of three actions pending in two federal districts -- two in the District of Montana and one in the Western District of Louisiana. The defendant in each action is Luminex International, Inc., a company which manufactures lenses. Admiral Insurance Co., Luminex's liability insurer, is also a defendant in the Louisiana action. The plaintiff in each of the three actions purchased an intraocular lens which was manufactured by Luminex and had it implanted in his or her eye following the surgical removal of a cataract. Thereafter, each plaintiff suffered an infection in the eye operated on. Plaintiff in each Montana action alleges that his or her eye infection resulted in total and permanent loss of vision in the affected eye. Plaintiff in the Louisiana action alleges that her eye infection resulted in

---

\* Judges Becker and Lord took no part in the consideration or decision of this matter.

the ultimate removal of the affected eye. The infections allegedly were caused by a fungus in the solution in which each lens was contained and/or a fungus in the lens itself. The three lenses and the solution in which each lens was contained were purportedly manufactured as part of Luminex Lot No. 128. The Montana plaintiffs charge Luminex with negligence in marketing Lot 128 in a contaminated condition and in failing to test Lot 128 adequately for contamination. Additional counts for relief in the Montana actions are based on the principles of strict liability, breach of express and implied warranties, and misrepresentation of the condition of Lot 128 when sold. Plaintiff in the Louisiana action alleges that Luminex was negligent in designing, manufacturing and/or marketing defective intraocular products, in failing to test the products adequately and/or in failing adequately to warn of the dangers involved in using the products.

Luminex moves the Panel for transfer of the three actions to the Central District of California pursuant to 28 U.S.C. §1407 for coordinated or consolidated pretrial proceedings. Plaintiffs in the three actions oppose transfer. We find that although these actions may share some common questions of fact, transfer would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the actions. Accordingly, we deny transfer.

Defendant Luminex contends, in favor of transfer, that the three actions involve identical questions of fact concerning the condition of Lot 128 when it was marketed. Luminex

maintains that transfer of these actions to a single district for coordinated or consolidated pretrial proceedings will avoid duplicative discovery relating to Lot 128 and will otherwise prevent inconsistent pretrial proceedings.

Although these three actions may share some questions of fact relating to the condition of Lot 128 and to other aspects of Luminex's manufacturing process, we are not persuaded that these factual questions are complex enough to justify transfer under Section 1407. See In re Scotch Whiskey, 299 F. Supp. 543, 544 (J.P.M.L. 1969). Moreover, as movant concedes, these actions involve significant individual factual questions on the issue of liability concerning the condition of the particular lens used by each plaintiff. Transcript at 5-6.

In addition, pretrial proceedings in the action pending in the Western District of Louisiana are well advanced, and it appears that the action will be ready for trial soon. The present posture of that action is an additional reason why transfer of the actions before us would neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of the actions. See In re Asbestos and Asbestos Insulation Material Products Liability Litigation, ___ F. Supp. ___, ___ (J.P.M.L., filed April 7, 1977); In re Braniff Airways, Inc. Employment Practices Litigation, 411 F. Supp. 798, 800 (J.P.M.L. 1976).

IT IS THEREFORE ORDERED that transfer of the actions listed on the following Schedule A be, and the same hereby is, DENIED.

SCHEDULE A

DOCKET NO. 287

## DISTRICT OF MONTANA

| | |
|---|---|
| Ellen Jones v. Luminex International, Inc. | Civil Action No. 76-67-BLG |
| John Herzog v. Luminex International, Inc. | Civil Action No. 76-68-BLG |

## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Clara E. Shaddix v. Luminex International, Inc. | Civil Action No. CI760647 |